UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:10CR360 |
|  | ) |  |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | OPINION & ORDER |
|  | ) |  |
| FRANK C. MOSIER, | ) |  |
|  | ) |  |
| DEFENDANT. | ) |  |

The defendant in this case, Frank C. Mosier, has filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 20.) After an initial round of briefing, the Court requested the government and the defendant to submit simultaneous clarifying briefs. Both the government (Doc. No. 24) and Mosier (Doc. No. 25) complied. For the reasons stated herein, the Court **GRANTS** Mosier's motion.

On October 1, 2010, Mosier, pursuant to an agreement with the government, pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mosier's sentencing hearing was held on December 7, 2010. At the hearing, the Court determined that Mosier's Sentencing Guidelines offense level was 17. Both the government and Mosier agreed that this calculation was correct.

The parties disagreed, however, over the computation of Mosier's criminal history score. The point total of seven found in the presentence investigation report included a two-point enhancement due to the fact that Mosier was on post-release control with the Ohio Adult Parole Authority when he committed the instant offense. Mosier

argued that his post-release control was invalid under Ohio state court precedents. Thus, according to Mosier, the two-point enhancement was improper. The government, for its part, contended that Mosier's argument was an impermissible collateral attack on a state sentence and that, therefore, the enhancement should stand. The Court, relying on *United States v. Aguilar-Diaz*, 626 F.3d 265 (6th Cir. 2010), agreed with the government on the issue, concluding that the validity of Mosier's state sentence could not be challenged at his federal sentencing hearing. The Court therefore found that a total criminal history score of seven was the proper calculation. This yielded a criminal history category of IV, which combined with Mosier's offense level of 17 to produce a Sentencing Guidelines range of 37 to 46 months' imprisonment. Finding that a sentence in the middle of the Guidelines range was most appropriate, the Court sentenced Mosier to 42 months' imprisonment.

Following the entry of judgment in this case, Mosier filed a "Motion to Terminate Post Release Control and Suspend Further Sentencing Provisions" (Doc. No. 20-2) in the Portage County, Ohio, Court of Common Pleas. His brief in support of that motion requested that the post-release control portion of his state court sentence "be retroactively removed" and that "an order should require [sic] that this applies back to [Mosier's] release date from prison." (*Id.* at 5.) After the state failed to respond to Mosier's motion, the state court filed a cursory judgment entry granting the motion. (Doc. No. 20-1.)

Having obtained the state relief requested, Mosier then filed the instant motion with this Court. Mosier argues that, in accord with the procedures laid out in *Aguilar-Diaz*, he has sought and obtained a state court judgment vacating his post-release

2

control and thus may now properly petition this Court to review his federal sentence. Specifically, Mosier argues that his Guidelines sentencing range should be recalculated to reflect a two-point reduction in his criminal history score and that the sentence actually imposed should be adjusted accordingly.

The Court agrees with Mosier that, in light of his recent success in state court, the two points that had been added to his criminal history score because he was on state post-release control at the time of his offense should be removed. The government, to its considerable credit, concurs on this point.[1] (*See* Doc. No. 24 at 2.) Mosier's sentence, therefore, should be corrected.[2]

With a two-point reduction, Mosier's criminal history score drops to five and, correspondingly, his criminal history category falls from IV to III. Combining this new criminal history category with his offense level of 17 (which is unaltered) yields a Sentencing Guidelines range of 30 to 37 months' imprisonment. The other factors that went into the Court's original sentencing determination—enunciated by the Court at

---

[1] Section 2255(b) provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing . . . [to] determine the issues and make findings of fact and conclusions of law with respect" to the § 2255 motion. Because both Mosier and the government now take the position that Mosier is entitled to a two-point reduction in his criminal history score, however, such a hearing is unnecessary.

[2] The government contends in its clarifying brief (Doc. No. 24) that Mosier's sentence should not be altered, but this contention is based on a misunderstanding of the record. The government states that Mosier was found by the Court to be at an offense level 19 and a criminal history category IV, yielding a Guidelines range of 46 to 57 months' imprisonment. (*See id.* at 2.) Thus, the government asserts, Mosier's original sentence of 42 months was in fact a downward departure from the Guidelines range. Moreover, under this analysis, a static offense level of 19 and new criminal history category III (based on a criminal history score adjusted downward to five instead of seven) would yield a Guidelines range of 37 to 46 months. The original sentence would thus fall in the middle of this range and therefore, according to the government, should be allowed to stand. But as already explained in the body of this opinion, a review of the record indicates that Mosier was in fact originally sentenced at an offense level of 17—not 19—and a criminal history category IV. The government's analysis, therefore, does not hold.

Mosier's sentencing hearing—remain unchanged.[3] The Court therefore finds, as it did at the original sentencing hearing, that in light of all the circumstances, a sentence in the middle of the Guidelines range is most appropriate. Mosier's sentence should therefore be reduced to 34 months' imprisonment. The Court further finds that such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

For all of these reasons, Mosier's motion to correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **GRANTED** and his sentence is **CORRECTED** to a term of 34 months' imprisonment.

**IT IS SO ORDERED**.

Dated: February 2, 2012

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] Because none of the factors that went into the Court's initial sentencing determination have changed at this point (save for the two-point criminal history score reduction), a new sentencing hearing is unnecessary. Section 2255 does not require the Court to conduct such a hearing. *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007); *see Edwards v. United States*, 256 F.2d 885, 885 (D.C. Cir. 1958).